**FEDERAL DISTRICT COURT FOR**

**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Jovan Sokic and Roza Sokic | : | |
| v. | : | |
| Bank of America N.A, and | : | |
| Bank of America Corporation , and | : | |
| KeyBank National Association aka | : | 2:25-cv-05390-JDW |
| Key Corp., and | : | |
| Huntington Bancshares Inc., and | : | |
| HUNTINGTON NATIONAL BANK INC., | : | |
| aka HUNTINGTON NATIONAL BANK | : | |

**PLAINTIFFS' SECOND AMENDED COMPLAINT FILED PURSUANT TO**

**LEAVE GRANTED BY THE COURT ORDER OF NOVEMBER 25th 2025**

1. This is an action for damages, for failure of the Defendants to honor agreements on several investments, in form of Certificates of Deposit in connection with personal banking, brought by consumer Plaintiffs, couple in matrimony, Mr. Jovan Sokic and Mrs. Roza Sokic. ("Plaintiffs").

2. In late 1990s, the Plaintiffs tendered certain amounts specified below to each of the Defendants captioned above, in US currency and on US soil, as legal non-residents, and in the regular course of Defendants' personal banking business, in form of Certificates of Deposit.

3. The base amounts of the said certificates of deposit even without any accumulated interest or damages due under the law, each exceeded $75,000 as set forth in detail fully below.

4. Now, more than 25 years later, when Plaintiffs sought to cash in on their investments, (said Certificates of Deposit), the Defendants have not honored either the request for payout, or even request for accounting, either to them directly or to Plaintiffs' dully appointed Power of Attorney, hence they bring this case as a matter of last resort.

5. Other than stating that they not locate the accounts in question, Defendants have not offered any other information, much less relief.

I.                                                        **<u>PARTIES</u>**

6. Plaintiffs, Jovan and Roza Sokic, are a married couple, (for over 40 years), now retired and residing abroad in Europe, City of Belgrade, Serbia at the address noted on the docket and or on file with the Clerk of Court.

7. Plaintiffs were at relevant point in time when they begun personal banking relationships with the Defendant entities, at issue in this litigation, lawfully present in the US, as non-US citizens, and do not have any infractions or blemishes on their record for entirety of time they spent in the US.

8. Plaintiff, Mr. Jovan Sokic, was in the business of wholesale of large industrial construction machineries, across the globe, a representative of several former Yugoslavian firms, and earned significant commission wages as a result.

9. Plaintiff, Mrs. Roza Sokic is a retired physician, pediatrician, at all relevant times the spouse of Jovan Sokic, and Jovan and Roza are parents to now adult daughters, both proud graduates of the University of Montana.

10. Defendants contracted with the Plaintiffs for Certificates of Deposit, with full knowledge they are non-citizen foreign exempt tax status at the time each transaction below took place, as evidenced by attached Notices.

11. Plaintiffs are at this time, both "older adults" within the meaning of "Older Adult Protective Services Act" codified in this Commonwealth as 35 P.S. § 10225.101 et seq.

12. Defendant Bank of America N.A, ("BoA"), is a C or S corporation, incorporated in Delaware, with principal place of business or corporate headquarters in Charlotte, NC.

13. Defendant aka Bank of America Corporation, is a parent company or a subsidiary of Defendant Bank of America N.A.

14. Defendant, KeyBank National Association aka KeyCorp. Is a C or S corporation, originally started in Northern NY, in 1825, KeyBank has been growing with New York State for more than 190 years, and is currently headquartered in Cleveland, Ohio, at 127 Public Square, Cleveland, OH 44114, where it was successfully served with Summons and

initial Complaint on or around September 22nd 2025. See ECF Doc.5 (Affidavit of Service), see also, Doc. 8, Stipulation of Counsel, and Order approving the Stipulation ECF Doc. 9.

15. Defendant HUNTINGTON NATIONAL BANK INC., or The Huntington National Bank ("Huntington"), is a C or S corporation, or a similar business entity, operating across a 13-state banking franchise of Ohio, North Carolina, South Carolina, Colorado, Florida, Illinois, Indiana, Kentucky, Michigan, Minnesota, Pennsylvania, West Virginia, and Wisconsin, with corporate headquarters at 17 South High Street, Columbus, OH, 43216, and Office of Currency Controller Charter # 7745.

16. Defendant Huntington is register to do business in this Commonwealth as foreign corporation under number **(14958428).** Defendant Huntington Bancshares Inc. is a parent company to the Defendant HUNTINGTON NATIONAL BANK INC.

17. At all times relevant hereto, Defendants were acting by their officers, agents, employees, workmen, part time or full time contractors whose actions and omissions including intentional fraudulent acts, render their master entities named in this SAC, liable by application of doctrine respondent superior.

III.                                    **JURISDITION**

18. This Court has jurisdiction over the controversy under 28 U.S.C. § 1332, as there is a complete diversity among all Plaintiffs and all Defendants, and the matter involves over $75,000 against each Defendant.

19. As set forth Plaintiffs are current residents of a foreign state of Serbia (Republic of Serbia), which provides for complete diversity of citizenship, with all named Defendants.

20. This Court has personal jurisdiction over the Defendants as they have sufficient minimum contacts within the Commonwealth and, or, are registered to do business within the Commonwealth, which subjects them to general jurisdiction in the Commonwealth, pursuant to holding in Mallory v. Norfolk Southern Railway Co., 600 U.S. 122 (2023).

IV.                              <u>**STATEMENT OF CLAIMS**</u>

    A.  <u>**Bank of America N.A. CD ending in *1528 ("BOA CD")**</u>

21. Plaintiffs initially deposited significant funds with the BoA, $ 88,505.12, via Certificate of Deposit, ending in 1528, on July 22nd 1996. See Exhibit A, p1, BoA CD carried 4.77% with annual percentage yield at 4.95%. Id.

22. At the time of inception of the investment, Plaintiffs were advised by BoA, that their prerogative of investing in the most conservative, low risk type of instrument, is best achieved with a Certificate of Deposit, and in reliance on that advice, chose the very CD at issue herein.

23. As a result of their investment, and in regular course of business of Defendant Bank of America, on December 31st 1998, Plaintiffs received a letter, ("CD Maturity Notice"), from BoA, regarding the CD informing them, *inter alia,* that "*.. **to continue with current investment you don't need to do a thing***" as follows:

C D   M A T U R I T Y   N O T I C E   *July 2*

Your Bank of America (Alaska) Certificate of Deposit will mature on 01/18/1999.
Following is important information about your current CD:

| | |
|---|---|
| Value as of 12/31/1998 | $97,750.80 |
| Term of Your CD | 182 Days |
| Interest Rate | 4.92% |
| Annual Percentage Yield | 5.04% |
| Interest Earned at Maturity | $2,427.58 |
| Compounding/Crediting Frequency | Daily/At Maturity |
| Value at Maturity | $100,178.38 |
| New Maturity Date (if renewed) | 07/19/1999 |

Other information about your investment can be found on the back of this letter.

If you'd like to continue with your current investment, you don't need to do a thing. Your CD will renew automatically on each maturity date for the same term and compounding frequency, and will begin earning interest immediately at the current interest rate in effect at that time.

,                                                                                      Ex. A, p 2.

24. At the time when CD agreement was consummated between the parties, BoA was fully informed and aware that Plaintiffs resided overseas, in the same province, where they currently reside, as plainly evidenced by the mailing address of the BoA Cd Maturity and Renewal notice. Id.

25. Since Plaintiffs were told to do nothing to renew the CD, they wished to renew it, having received no competing instructions since, Plaintiffs desired to continue reinvesting the CD, and complied with the instruction and did nothing, to effectuate that goal. So that on August 1st 1998, they received BoA renewal notice under following terms:

August 1, 1998

JOVAN SOKIC
ROZA SOKIC
BEOGRADSKA II DEO 4
11253 SREMCICA–BELGRADE
YUGOSLAVIA

Thank you for renewing your Bank of America (Alaska) investment #20721528. We are pleased that this investment option is meeting your needs.

**Renewal Confirmation Facts:**

| | |
|---|---|
| Renewal Date: | 07/20/1998 |
| Interest Rate: | 4.92% |
| Annual Percentage Yield: | 5.04% |
| Amount Invested: | $97,750.80 |
| New Maturity Date: | 01/18/1999 |
| Interest Payment Method: | ACCUMULATE |
| Tax ID Number: | FOREIGN-EXEMPT |

Ex. A p.3.

26. By the renewal date, July 20th 1998, Plaintiffs' investment had grown to **$97, 750.80**, and should be deemed to have continued to grow to same date. Id.

27. Interest was to be accumulated to the principal at maturity date, (capitalized), rather than paid out when accrued. Id.

28. Plaintiffs can also prove that the funds to create the BoA CD at bar, came from CITIBANK accounts owned by the Plaintiffs in regular course of Sokic family savings. See **Ex. A p. 4**

29. Since that time, Plaintiffs simply desired to keep renewing their investment and having received no contrary instructions from BoA, they continued to allow the CD to reinvest at each subsequent maturity date, as per specific BoA instructions shown above, by taking no action.

30. Unlike savings, and especially checking demand deposit accounts, Certificated of Deposit account, is normally not expected to have any ongoing daily, or even monthly activity therein, but is designed to accumulate interest.

31. Moreover, the Bank's expectations on CD accounts is that investor's do not touch their monies, and thus the slightly higher interest rate as oppose to regular savings, or money market accounts.

32. To the contrary, no activity is expected on the standard CDs, as the Banks disincentivize CD customers from taking any activity by providing for punitive penalties, in the event money is moved before the maturity date.

33. It is therefore nothing strange, but only usual and customary for the Plaintiffs to have left their money with the BoA since late 1990es.

34. It is also very common for consumer investment relationship to last for decades, before settled, as is the case with most residential mortgages in the nation, (30 yrs and now up to 50yrs), which all Bank Defendants herein fund and service routinely.

35. In the Winter and Spring of 2025, the gaining Sokic Plaintiffs decided to liquidate their BoA CD.

36. However, despite making several long hold time, expensive international phone calls to the BoA customer service, BoA told them that could not locate any such CD account, or even their names, and could not confirm Plaintiffs were ever even customers of BoA, much less provide accounting, much less pay any monies, hanging up the international phone call, or ending the call without any other information for them.

37. BoA and all other Defendant banks in this matter, generally never neglect or deems "too old", or expired, consumer or commercial contracts of investments, in which they are the lender, such as mortgages, and easily keep track and services each such loan, most common on of which are 30 year, and now even 50 year, residential mortgage e.g., on which loans, banks look to foreclose on secured liens even after 29 plus, years of regular payments in the event one of the last payments were to be missed, but in this case, they seemed to have forgotten the Sokic investment, where they borrowed monies from Sokic consumer, less than 30 years ago.

38. Plaintiffs became significantly disturbed, and worried, but in order to continue to attempt to resolve the matter amicably, Plaintiffs drafted a sworn Affidavit, dully notarized by the official Notary at the United States Embassy in Belgrade, Serbia. See **Exhibit B.**

39. Significantly disturbed, but in order to continue to attempt to resolve the matter amicably, Plaintiffs also a issued duly appointed undersigned as their Pennsylvania Power of Attorney ('POA"), with the POA document properly and dully notarized by the Notary at the United States Embassy in Belgrade Serbia. True and correct copy of POA was attached to prior Complaint in the matter. ECF Document 1-3.

40. Sokic Affidavit along with their POA was dully presented to the BoA as set forth more fully below.

41. By and through their POA, Plaintiffs scheduled an in person meeting at BoA branch on 18th and Market st in Philadelphia, set for July 10th 2025. See **Exhibit D.**

42. By and through their POA, Plaintiffs attended the July 10th BoA meeting, presenting POA paperwork, Affidavit and other documents, including but not limited to documents attached to this Complaint.

43. By and through their POA, Plaintiffs requested final accounting and payout of their BoA CD at issue herein in July of 2025.

44. However, to no avail, as several days after the meeting, BoA telephoned the Plaintiffs' undersigned attorney, (Upon belief the person who called was the same person with whom Sokic POA met at the branch )informed Plaintiffs'

POA, that BoA can not confirm existence of any account with BoA, refusing therefore to honor the POA, by informing that they can not share any further information, and refused entertain any discussions or provide anything in writing to Plaintiffs dully appointed POA.

45. Upon belief the person who called was the same person with whom Sokic POA met at the branch in Philadelphia, n 18th and Market street on July 10th 2025.

46. Despite being privy to the contact information for the  Sokic POA, intended for written correspondence, (physical office and electronic addresses), and being provided with all relevant documentation, at no point ever did BoA send any written correspondence on this issue, such as an e mail, letter, or even a text message, before or after this litigation, and to this date., to either the POA or to the Plaintiffs, or even through their attorneys after commencement of this litigation, and have not presented any Affidavit that would purport to divert liability under the CD to another entity.

### B.  Key Bank, aka KeyCorp. CDs ending in * 0096, ("Key_CD")

47. Around the same time period, Plaintiffs invested in another CD directly with Key Bank aka KeyCorp. which ended in ***0096, and on July 29th 1997 and Plaintiffs are also in possession of a letter from Key Bank, titled "Key

Certificate of Deposit Statement" dated July 29th 1997, showing on that date of balance of $ 105,442, APR of 4.88%, **See Exhibit J.**

48. Plaintiffs' POA acting under directive to avoid this litigation and obtain invested funds due from the CD with Key Bank, on or Around August 6th 2025, faxed to several departments of Key Bank all relevant paperwork that included Sokic Affidavit (Ex B), his POA, under urgent heading. See true and correct copy of facsimile transmission, attached as Exhibit G.

49. Plaintiff received a missed phone call on August 8th 2025. and called back and spoke to an internal employee or officer at Key Bank, on the same date, who, to her credit, at least saw fit to callback the fax sender.

50. Despite the POA document, much like BoA, KeyBank denied any knowledge of the Plaintiffs or their accounts at issue and was not of any further assistance, and may have requested more information without specifying which documentation, but no follow-up communication was ever sent to either the POA or to Plaintiffs, by Key Bank, in writing or by phone, before litigation.

51. There was also nothing said any other entity (Huntington),being responsible as Key Bank now claims.

   C.    **Great Lakes  GLB CDs ending in *5114, and x4488, the liability of Huntington ("GLB CDs")**

52. At around the same time, Plaintiffs also opened up a CD with Great Lakes Bancorp, under circumstances and in the manner materially indistinguishable from the corresponding allegations pertaining to other CDs for personal family

purposes, as set forth in detail above. Great Lakes Bancorp. CD terms are contained below and in the attached **Ex. E, p 4**:



December 6, 1996

Jovan Dusan Sokic
11253 Sremcica-Beograd
Beogradska 11 Deo 4
Yugoslavia

Dear Mr. Sokic,

On December 6, 1996 we received your incoming wire in the amount of $95,093.69 which we put into an 8 Month Certificate of Deposit paying a base rate 5.44%, with APY 5.49%.

**Ex. E**, p 4.

53. Great Lakes Bankcorp. ("GLB"), actual CD containing redacted account number is attached as **Exhibit F.**

54. The funds to open this GLB CD, came from another US bank (in NY), in form of a wire authorized by the Sokic Plaintiffs, with instructions notarized at a US Embassy. Exhibit E, p5-6.

55. By February 9th 1999, Plaintiffs' GLB, CD would increase to 101,787.87. Id.

56. Finally, Plaintiffs had another CD with GLB, account number ending in *4488, which would mature on 6/7/1998, invested at 10 months, and maturity value would be $103,240.67. ("GLB CD 2").

57. As was the case with all other maturity notices from BoA, and Key Bank, the GLB letters conveyed the same message in one key regard,- that if Sokic wish to have their investment reinvested to next maturity cycle, at best interest rate for the following period, consumer Plaintiffs were advised by the Defendants, " **YOU DO NOT NEED TO DO ANYTHING**":

### CERTIFICATE MATURITY NOTICE

| ACCOUNT NUMBER | BALANCE AT MATURITY | CURRENT TERM | MATURITY DATE |
|---|---|---|---|
| 2862044488 | $103,240.67 | 10 MONTHS | 6-07-98 |

Dear Customer:

Your certificate will mature on 6-07-98. You have up to 7 days after that date to make a change in your certificate. IF YOU WANT YOUR CERTIFICATE TO RENEW AUTOMATICALLY WITH THE SAME TERM AS LISTED ABOVE AND WITH THE RATE IN EFFECT ON THE MATURITY DATE, YOU DO NOT NEED TO DO ANYTHING.

See **Exhibit E**, p 3.

58. Having previously been assured that CDs are the safest investment and to keep those investments growing, since that time period and until the Winter and Spring of 2025, the Sokic Plaintiffs did exactly what the Defendants' letters advised for those CDs to automatically reinvest - nothing.

59. In all total, the Plaintiffs have four CDs at issue in this litigation, one CD with BoA, (ending in *1528), two issued by GLB, (one ending in *5114, and another ending in *4488), and the fourth directly with KeyCorp/Key Bank ending in (*0096).

60.  Plaintiffs also had two separate Certificates of Deposit with Greak Lakes Bancorp., ("GLB"), (CD account numbers ending in x4488 and x5114), whereas Greak Lakes Bancorp., was upon belief based on available publicly available information acquired by an entity known as First Niagara Financial Group in 2007, which in turn, was subsequently acquired by the named Defendant, KeyCorp. and or Defendant Key Bank National Association in 2016.

61. Interpretation of publicly available documentation of somewhat complex nature, for purposes of SAC, and in reliance on Key Bank representations as set forth below, is that Plaintiffs' GLB CDs, , are at all relevant times a liability of Defendant Huntington, as a result of series of mergers and transactions which could be summarized as follows: Great Lakes Bancorp was a federal savings bank, and in 1997 it converted to a National Bank. See the attached compiled history from the Office of Comptroller of the Currency (OCC) excerpt attached as **Exhibit C**,[1] at p. 1.

62. Upon the conversion, the bank's name was initially proposed to change to TCF National Bank with charter #23255, but ultimately changed to Great Lakes National Bank Michigan (still charter #23255) and the addresses remained the same. *Id.* at p. 2-3.

---

[1] Certain Exhibits such as Ex. C are listed and referenced in the SAC, out of alphabetical order, by design.

63. In 2000, Great Lakes National Bank Michigan merged with TCF National Bank (charter #23253) and changed its name to TCT National Bank. OCC attachment at p. 3-5. In 2021, TCF National Bank was acquired by Defendant The Huntington National Bank. *Id.* at p. 6. See, **Exhibit C.**

64. There is no dispute that Defendant Key Bank issued a Sokic a CD (ending in *0096), directly and under its own ledger, (detailed above), and there should be little dispute that it did acquire First Niagara Financial Group, which did acquire at least the holding company of the entity that issued the two GLB, CDs, Great Lakes Bancorp Inc., or Key Bank acquired Defendant "*Great Lakes Bancorp, FSB*" which issued the two Sokic CDs, (x4488 and x5114),by virtue of having acquired First Niagara Financial Group in 2016 as set forth, which acquired the Sokic CD issuer, "*Great Lakes Bancorp, FSB* for approximately $153 million in 2007.

65.  Key Bank did however acquire First Niagara Financial Group, which did acquire at least the holding company of the entity that issued the two GLB, CDs, Great Lakes Bancorp Inc., or Key Bank acquired Defendant "*Great Lakes Bancorp, FSB*" which issued the two Sokic CDs, (x4488 and x5114),by virtue of having acquired First Niagara Financial Group in 2016 as set forth, which acquired the Sokic CD issuer, "*Great Lakes Bancorp, FSB* for approximately $153 million in 2007.

66. Greak Lakes Bancorp., could reasonably be believed to have been acquired by an entity known as First Niagara Financial Group in 2007, which entity was in turn, subsequently acquired by the named Defendant, KeyCorp. and or

Defendant Key Bank National Association in 2016, which would render Key Bank liable for its own CD as well as GLB CDs, however for purposes of SAC solely as set forth below, at this time Plaintiffs will not hold Key Bank responsible for GLB CDs except as set forth below.

67.  Only and solely in reliance upon representation of Key Bank Counsel in this matter, and written exchange of "position letters per Court's policies and procedures", and Key Bank's submission of a Sworn Affidavit from an Officer of Key Bank attached as Exhibit ? to this Second Amended Complaint, ("SAC"), at this time and in this pleading, Plaintiffs do not hold Defendant Key Bank, liable for GLB CDs ending in (x4488 and x5114), except as specifically provided below in enumerated Counts that follow below, and only to the extent asserted therein.

77. Whereas Reasonable interpretation of publicly available documentation of somewhat complex nature, is that Plaintiffs' GLB CDs, referenced above, are at all times relevant hereto, or at least since 2021, as set forth below, a liability of Defendant Huntington, as a result of series of mergers and transactions which could be summarized as follows: Great Lakes Bancorp was a federal savings bank, and in 1997 it converted to a National Bank. See

the attached compiled history from the Office of Comptroller of the Currency (OCC) document attached as

**Exhibit C**,[2] at p. 1.

78.  Upon the conversion, the bank's name was initially proposed to change to TCF National Bank with charter #23255, but ultimately changed to Great Lakes National Bank Michigan (still charter #23255) and the addresses remained the same. *Id.* at p. 2-3.

79. In 2000, Great Lakes National Bank Michigan merged with TCF National Bank (charter #23253) and changed its name to TCT National Bank. OCC attachment at p. 3-5.

80. In 2021, TCF National Bank was acquired by Defendant The Huntington National Bank. *Id.* at p. 6. See, **Exhibit C.**

81.  Unless Counsel representation and Sworn Affidavit of Key Bank, are knowingly false, merger acquisition timeline set forth above then Key Bank is liable only under  CD * 0096, while Defendant HUNTINGTON NATIONAL BANK INC. is the ultimate current successor in interest of bank that issued GLB CDs ending in *5114, and*4488, and is liable to the Plaintiffs for full array of damages in connection therewith.

---

[2] Exhibit C is referenced in the Amended Complaint, out of order of other Exhibits, by design.

82. As set forth in their sworn affidavit, the Plaintiffs at all relevant times had full and uninterrupted access to the address on file with the Defendants.

83. Despite making numerous inquiries and demands, the CD funds have not been made available to them, forcing us to retain a undersigned legal representation.

84. At this point, although in sounds mind and good health, Plaintiffs are senior citizens, and older adults, and the effects of neglect or intentional action by the agents of financial institutions at issue herein, has made a significant negative impact on their wellbeing and plans.

85. Despite being senior citizens, Mr. and Mrs. Sokic are both in sound mind, good health and determined to remedy the grave and inexplicable injustice that has ensued in total deprivation of all of their significant assets, and alienations of their identities negating their livelihood, and fruits of entire life worth of labor.

86. All CDs at issue, was not intended for business use of any kind, but as family household savings investment.

87. None of the funds due from any of the CDs were ever paid out to Plaintiffs or their legal representatives.

88. Records of funds escheated to the State of State of OHIO, ALASKA, PENNSYLVANIA, show that there were never any funds of Plaintiffs which any Defendant in this case rendered to the State(s) as unclaimed. See public record database excerpt attached as Exhibit K.

**COUNT I**

**PLAINTIFFS v. BANK OF AMERICA N.A. and KEY BANK N.A.**

<u>Violation of Pennsylvania Code, related to Power of Attorney, Chapter 56 - Powers of Attorney, Section 5608.1 - Liability</u>

<u>for refusal to accept power of attorney, Section (c)</u>

89. Plaintiffs repeat and re-allege all previous paragraphs as if set forth at length herein.

90. Chapter 56 - **Powers of Attorney, Section 5608.1 - Liability for refusal to accept power of attorney, Section (c)Sec 5608 .1 (c) Violation**, creates a private right of action for any person or entity that fails to honor dully issued POA document and in relevant part provides as follows:

    *A person who refuses, in violation of this section, to accept a power of attorney shall be subject to: (1) Civil liability for pecuniary harm to the economic interests of the principal proximately caused by the person's refusal to comply with the instructions of the agent designated in the power of attorney.*

91. Defendants, Bank of America N.A. and Key Bank N.A. violated this section, and essentially refused to accept Plaintiffs' POA document as set forth in detail in preceding paragraphs, by:

    a) failing to honor the payout demanded;

    b) by failing to provide accounting on the CDs at issue specified above;

    c) by failing to agree to communicate any details of whatsoever with Plaintiffs POA;

d)   by failing to advise of any other entity that may have become liable on the BoA CD, and any consequences of failure to do so timely;

e)   by failing to send and follow up with any correspondence written or oral, after such time that they were on notice, (July 10th 2025 for BOA, and August 6th 2025 for Key Bank), leading directly to this litigation.

92. As a direct and proximate result of this violation, Plaintiffs incurred costs and damages, including costs of this litigation, loss for the time being, of all accrued funds under the BOA CD since its inception, and pecuniary expenses were incurred and are being incurred

**WHEREFORE** Plaintiffs pray for a judgment in their favor and against Defendants Key Bank N.A. and BOA N.A.

**For all damages available under Section (c)Sec 5608 .1 (c), which is p**ecuniary harm to the economic interests of the principal proximately caused by the person's refusal to comply with the instructions of the agent designated in the power of attorney, including but not limited

a)   attorney fees, costs of litigation;

b)   Against BOA, interest on funds accrued from entire sum of BOA CD when they should have been paid by POA instructions on July 10th 2025, until it is paid, assesed, against BOA,

c)   and accrued interest on funds stemming from Key Bank CD against Key Bank, from August 6th 2025, when requested by POA to be paid, assessed against Key Bank;

## COUNT II

### BREACH OF CONTRACT ON CERTIFICATES OF DEPOSIT
### PLAINTIFFS against BANK OF AMERICA N.A.

93. 99. Plaintiffs repeat and reallege all previous paragraphs as if fully stated herein at length.

94. Plaintiffs had entered into contract with BoA, on a BOA CD, as set forth in detail in Counts above.

95. Although entire agreements breached are not available to the Plaintiffs at the time of filing of SAC, that the material terms of these investments are contained within the relevant Exhibits attached.

96. Upon belief, true and correct copies of CD agreements breached are or should be in possession of the Defendants Key Bank, N.A, Bank of America N.A. and Huntington.

97. Defendant BOA breached the agreement by failing to pay the BOA CD, when requested, and called by the Plaintiffs in Spring of 2025, and later when called and demanded by Plaintiffs' POA, on July 10th 2025.

98. Defendant BOA has filed Answer and Affirmative Defenses, in this litigation, (ECF Doc. 14), which in paragraph 4 of Affirmative Defenses, states as follows:

" *Plaintiff's claims are barred because the branch and its assets, which would have included the CD at issue, were sold to Northrim Bank.*" Id.

99. However, the Plaintiffs claims against BOA in this SAC, (or in the First Amended Complaint in relation to which the cited BOA's Answer and Affirmative Defenses were filed),  did not relate  to either "the branch", nor the assets of any branch, since in any event, the BOA CD at issue in this litigation, as of the date that BOA entered into Certificate of Deposit agreement with the Plaintiffs' and took possession and control of Plaintiffs funds in exchange for a promise to repay those funds with interest and automatically reinvest if Plaintiffs simply do nothing, is not, and was never  "an asset" of BOA, but a liability to it.

100. BOA pleadings say nothing about sale of any liabilities to any other entity, and misclassify Plaintiffs' BOA CD investment as its or its Alaska Branch "asset".

101.  Only upon Conversion of such funds by BOA could those funds ever been deemed "an asset", however an illegal one at that, subject to reoccupation in this litigation with all damages due, as set forth in following Counts asserted against BOA below, and Plaintiffs reserve the right to present to the Jury at trial,  BOA's pleadings against them.

102. Consequently, unlike Key Bank, the BOA never furnished any Affidavit or any other papers of evidence despite being asked to do so by undersigned, and promising the Court that they would.

103.  As such their pleading in Aff. Defense cited above is per se insufficient to file a claim against any other entity based thereon, and absolve BOA, of anything.

104. Plaintiffs reasonably relied on representations of the Defendants found in their CDs as shown above, that they simply needed to do nothing to have the CDs automatically reinvest.

105. Plaintiffs fulfilled all condition precedent to Defendants duty to perform to provide accounting and pay out accrued CD annuities.

106. There is no *force majeure* or any other force that rendered the contracts unenforceable or impossible to perform.

107. To the Contrary, Defendants are all more than capable and able to perform but refused.

108. By their conduct herein, Defendants violated implied covenant of good faith and fair dealing inherit within those agreements.

109. Plaintiffs suffered damages as a direct and proximate result, which are comprised of : compensatory, contractual damages, principal balance, all accrued and capitalized interest and any incidental costs.

110. Upon belief, true and correct copies of the actual CD agreement and related paperwork are or should be in the possession of the Defendant BoA.

111. Defendant BoA breached a contract on Certificate of Deposit ending in *1528.

**WHEREFORE** Plaintiffs request a Judgment in their favor for principal balance, contractual damages, all accrued and capitalized interest and any incidental costs, direct consequential damages, and costs of mitigation, in excess of **$150,000.**

## COUNT III

### PLAINTIFFS V. KEY BANK N.A, and KeyCorp.

### Breach of Agreement on Certificate of Deposit ending in (*0096)

112. Plaintiffs repeat and reallege all previous paragraphs as if fully stated herein at length.

113. Defendant KeyCorp. or Key Bank N. A, breached contracts on the foregoing CD ending in 0096, with terms and balances outlined in Key Certificate of Deposit Statement. See Exhibit J.

114. Upon belief, true and correct copies of the actual CD (*0096), agreement and related paperwork are or should be in the possession of the Defendant Key Corp.

115. KeyCorp., breached the agreement by failing to provide a payout, when requested, in Spring and Summer of 2025, respectively, and by failing to tender all of the CD funds to the Plaintiffs when the CD was called, in Spring and Summar of 2025.

116. Plaintiffs reasonably relied on representations of the Defendants found in their CDs as shown above, that they simply needed to do nothing to have the CDs automatically reinvest.

117. Plaintiffs fulfilled all condition precedent to Defendants duty to perform to provide accounting and pay out accrued CD annuities.

118. There is no *force majure* or any other force that rendered the contracts unenforceable or impossible to perform.

119. To the Contrary, Defendant Key Bank is more than capable and able to perform and but refused.

120. By their conduct herein, Defendants violated implied covenant of good faith and fair dealing inherit within those agreements.

121. Plaintiffs suffered damages as a direct and proximate result, which are comprised of : compensatory, contractual damages, principal balance, all accrued and capitalized interest and any incidental costs.

**WHEREFORE** Plaintiffs request a Judgment in their favor for compensatory, contractual damages, principal balance, all accrued and capitalized interest and any incidental costs, in excess of $150,000.

**COUNT IV**

**Plaintiffs v. Key Banks N. A. and HUNTINGTON NATIONAL BANK INC. and**

**Huntington Bancshares Inc.**

**Breach of Certificate Deposit Agreements, ending in x4488 and x5114**

122. Plaintiffs repeat and reallege all previous paragraphs as if fully stated herein at length

123. Plaintiffs' GLB CDs (ending n **x4488 and x5114)** referenced above, are at all relevant times or at least since 2021, a liability of Defendant Huntington, as set forth above.

124. Defendant(s) Huntington are liable as a successor in interest, as a result of series of mergers and transactions which could be summarized as follows: Great Lakes Bancorp was a federal savings bank, and in 1997 it converted to a national bank. See the attached compiled history from the Office of Comptroller of the Currency (OCC) excerpt attached as **Exhibit C**,[3] at p. 1. Upon the conversion, the bank's name was initially proposed to change to TCF National Bank with charter #23255, but ultimately changed to Great Lakes National Bank Michigan (still charter #23255) and the addresses remained the same. *Id.* at p. 2-3. In 2000, Great Lakes National Bank Michigan merged

---

[3] Exhibit C is referenced in the Amended Complaint, before other Exhibits, by design.

with TCF National Bank (charter #23253) and changed its name to TCT National Bank. OCC attachment at p. 3-5. In 2021, TCF National Bank was acquired by Defendant The Huntington National Bank. *Id.* at p. 6. See, **Exhibit C.**

One or the other, or both of the Defendants named under this Count are liable to Sokic for failing to honor the**,** when called by Sokic in Spring and Summer of 2025.

125.   Upon belief, true and correct copies of the actual CDs agreement and related paperwork are or should be in the possession of the Defendants named under this Count, and the actual Certificate of Deposit issued by GLB ending in *5114, is attached herein as **Exhibit F.**

126. Defendants named in this Count, breached the agreements by failing to pay all of the CDs, upon request, and when put on notice of demand their liability on November 24th 2025.

127. Plaintiffs suffered damages as a direct and proximate result, which are comprised of : compensatory, contractual damages, principal balance, all accrued and capitalized interest and any incidental costs.

128. Defendant Huntington Bancshares Inc., is jointly and severally liable as it is a parent to Huntington subsidiary.

**WHEREFORE** Plaintiffs request a Judgment in their favor for compensatory, contractual damages, principal balance, all accrued and capitalized interest and any incidental costs, in excess of $150,000.

## COUNT V

### VIOLATION OF Unfair Trade Practices Consumer Protection Law ("UTPCPL"), "catch-all" provision

### PLAINTIFFS v. KEY BANK N.A. and BANK OF AMERICA N.A.

129.  Plaintiffs repeat and reallege all previous paragraphs as if fully stated herein at length.

130.  In *Gregg v. Ameriprise Financial, Inc., et al.*, 245 A.3d 637 (Pa. 2021), Supreme Court of Pennsylvania held that a strict liability standard would be applied to claims brought under the "catch-all" provision of the Unfair Trade Practices Consumer Protection Law (UTPCPL), **73 P.S. § 201-2(4)**. .

131. Plaintiffs claims in Gregg arose in analogous financial product setting as does this case.

132.  In examining the word "deceptive", under UTPCPL the Supreme Court of this Commonwealth, held that the statute imposes "liability upon commercial vendors who engage in conduct that has the potential to deceive and which creates a likelihood of confusion or misunderstanding."

133. Further in Danganan v. Guardian Prot. Servs., No. 36 WAP 2017 (Pa. Feb. 21, 2018), the Pennsylvania Supreme Court had previously also unanimously held that the language of the Unfair Trade Practices and Consumer Protection Law (UTPCPL) does not preclude claims being invoked by out-of-state plaintiffs alleging out-of-state injuries caused by out-of-state conduct.

134.  Under Danganan, there are no territorial or geographical boundaries of UTPCL application, only limitation being the personal jurisdiction of the Court within this Commonwealth.

135.  The Danganan decision is notable not only because it diverges from federal decisions that had addressed the issue, but also because it warrants re-examining choice-of-law and forum-selection provisions in consumer contracts, rendering them void in favor of application of UTPCPL when there is general personal jurisdiction within the Commonwealth.

136.  Plaintiffs had entered into contract with BoA, Key Bank and all other defendants successor in interests, as set forth in detail in Counts below,  which is evidenced by documents originated by attachments to this Complaint which show the material terms of the Certificate of Deposit Terms,  and as such they satisfied the "consummation of products or services" within the meaning of UTPCPL.

137.  Plaintiffs allege that by violating **Sec 5608 .1 (c),** as set forth above, in Count I, Defendants BOA N.A. and Key Bank N.A., also violated the UTPCPL Act, under its catch all provision, under strict liability standard set forth in Gregg.

138. Plaintiffs also allege that all defendants violated UTPCPL by failing to provide either accounting or payout of their CDs specified in this SAC.

139. Defendants named under this Count also violated UTPCPL when they failed to pay out the BOA CD and KEY CD, when requested and called by the Plaintiffs in Spring and Summer of 2025, as specified above.

140. Plaintiffs allege that their Defendants under this Count caused not only the possibility of confusion and misunderstanding and actual confusion, but also ascertainable damages in form of costs of litigation that ensued, as well as damages for failure to tender all funds accrued under all of the CD instruments at issue in this litigation specified above.

**WHEREFORE** Plaintiffs pray for a judgment in their favor and against all Defendants under the UTPCPL for :

a) Actual damages;

b) Treble damages in Court's discretion;

c) Attorney fees;
d) All other relief that the Court may deem just and proper.

## COUNT VI

**Plaintiffs v. Key Bank N.A. and Bank of America N.A.**

**CONVERSION**

141. Plaintiffs repeat and re-allege all previous paragraphs as if set forth at length herein.

142. Money can be the subject of conversion.

143. When funds are "frozen", the possessory interest of the account holder is interfered with sufficiently to constitute Conversion, notwithstanding the fact that they have not been actually withdrawn. Pioneer Commercial Funding Corp. v. *American.* Financial *Mort.* Corp., *855* A.*2d 818* (*Pa.* 2004).

144. Funds that are "frozen" are not in the possession of the account holder. US v. ADVANTAGE MEDICAL TRANSPORT, INC., Dist. Court, No. 11-078-03. M.D. of PA 2012.

145. Even when initially transaction was contractual, it can become conversion, if upon a demand to return monies, money is unreasonably withheld, as was the case herein.

146. Plaintiffs demanded Defendants tender the proceeds of their Certificates of Deposit, in Spring and Summer of 2025, but were unreasonably denied, and without decency to acknowledge their existence and any prior relationship, as set forth herein.

147. At best Plaintiffs funds herein is interfered with sufficiently to constitute Conversation, and more likely they have long illegally misappropriated by the Defendants, and or their agents.

148. Defendants' conduct is improper outrageous and beyond any norms of decency in a civilized society.

**WHEREFORE** Plaintiffs pray for a judgment in their favor awarding them actual damages, in present value of the certificate of deposit, with interest as actual damages, plus, damages in tort including compensatory and punitive damages, in excess of **$150,000.**

## COUNT VII
### PLAINTIFFS v. ALL DEFENDANTS
### UNJUST ENRICHMENT

149. Plaintiffs repeat and re-allege all previous paragraphs as if set forth at length herein.

150. Plaintiffs conferred a measurable and significant monetary benefit upon Defendants, each and every one, as set forth in detail above.

151. The type of benefit so conferred is such for which payment is expected.

152. Injustice and severe prejudice and unequity would ensue if Defendants were allowed to retain the benefit without payment to Plaintiffs.

**Wherefore** Plaintiffs pray for a judgment in their favor awarding them benefit conferred and amount equal to payment of principle plus appropriate interest since respective times when they conferred benefits specified herein. in excess of **$150,000.**

**PLAINTIFFS DEMAND FOR A JURY TRIAL**, for all issues so triable under all COUNTS herein..

Respectfully submitted by:


/s/Predrag Filipovic, Esq.
Predrag Filipovic
230 S Broad st. Ste 36, Fl 17
Philadelphia, PA 19102
StopRipoff.com
pfesq@ifight4justice.com
PA 312568
NJ 029312011,

267-265-0520 cell
215-974-7744-f
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I Predrag Filipovic, Esquire, Attorney for the Plaintiffs hereby certify that on December 12, 2025 the foregoing |Second Amended Complaint will be served upon counsel for all defendants (Key Bank NA, aka KeyCorp. and Bank of America N.A, ) and their parent entities or subsidiaries, via Court's ECF as well as upon Defendant Huntington who was properly served process on or around November 24th 2025 by personal service as set forth on the docket, but it yet to enter appearance.

# Bank of America

# Certificate of Deposit Receipt

# ____ 1528

INVESTOR(S):

Jovan Sokic
Roza Sokic
Jelena Sokic
Tatjana Sokic

ISSUE DATE ___7/22/96___

MATURITY DATE ___1/20/97___

TERM OF INVESTMENT ___182 Days___

Bank of America Alaska, N.A., hereinafter referred to as "Bank", accepts for deposit the sum of $ 88505.12 as evidenced by this receipt and will pay the amount of the deposit plus interest to the investor(s), subject to the terms of the deposit agreement.

## Fixed Rate CDs

You have purchased a fixed rate CD. The interest rate on your CD is __4.77__% with an annual percentage yield of __4.95__%. You will be paid this rate until the maturity date shown above. The annual percentage yield assumes interest remains on deposit until maturity. A withdrawal will reduce earnings.

[X] **3-12 Month Term** (365/365 Method)
You may have interest credited to your Bank checking or savings account or request that a cashier's check be mailed to you: ☐ Monthly ☐ Quarterly ☐ At Maturity

If you do not select either of those options, interest will automatically be credited to your CD balance at maturity.

☐ **1 - 10 Year Term** (365/365 Method)
You may have interest credited to your Bank checking or savings account or request that a cashier's check be mailed to you: ☐ Monthly ☐ Quarterly ☐ Semi Annually ☐ Annually

If you do not select either of those options, interest will automatically be credited to your CD balance quarterly.

☐ **Jumbo CD: Term 7 Days - 365 Days** (365/365 Method)
You may have interest credited to your Bank checking or savings account or request that a cashier's check be mailed to you: ☐ Monthly ☐ Quarterly ☐ Semi-Annually ☐ At Maturity

If you do not select any of those options, interest will automatically be credited to your CD balance at maturity.

☐ **Jumbo CD: Term 1 - 10 Years** (365/365 Method)
You may have interest credited to your Bank checking or savings a_____
mailed to you: ☐ Monthly ☐ Quarterly ☐ Semi-Annually ☐ A

If you do not select any of those options, interest will automatical

*Mr. Sokic,*
*Enclosed is your reciept for 6 months CD. Should you have any questions please feel free to call*
*Thanks,*
*Gigi*

## Variable Rate CDs

You have purchased a variable rate CD. The interest rate on your CD is_____ %. The annual percentage yield assumes interest remains on deposit until mat_____te and annual percentage yield may change. An explanation of the determina___ changes can be found in the applicable schedule of rates and charge which

☐ **Peak: Term 1 Year** (365/365 Method)
You may have interest credited to your Bank checking or savings a mailed to you: ☐ Monthly ☐ Quarterly

If you do not select either of those options, interest will automatic

☐ **Guaranteed Growth: Term 18 Months** (365/365 Method)
You may have interest credited to your Bank checking or savings a_____
mailed to you: ☐ Monthly ☐ Quarterly

If you do not select either of those options, interest will automatically be credited to your CD balance quarterly.

## Interest Crediting Method

☐ Credit to checking account number_____
☐ Credit to savings account number_____
☐ Cashier's check.

**Thank you for investing with Bank of America Alaska**

FORM 50-3330-96 REV 03/94                     NON-TRANSFERABLE

Made From a Minimum of 25% Post-Consumer Recycled Paper

**Bank of America**

*BNK OF AMERICA - ALASKA, ATTN. MS. TRACY PANTIAG*
*FX NO. 001-907-263-3271    PAGES 1*

DECEMBER 31, 1998

*HERE IS MY ADDRESS*

JOVAN SOKIC
ROZA SOKIC
BEOGRADSKA II DEO 4
11253 SREMCICA-BELGRADE
YUGOSLAVIA

Re: Fixed Rate CD
# ████1528

*I AGREE 1 YEAR CD*
*4.98%, YEAD 5.10*

*July 20, 99*

## C D   M A T U R I T Y   N O T I C E

Your Bank of America (Alaska) Certificate of Deposit will mature on 01/18/1999.
Following is important information about your current CD:

| | |
|---|---|
| Value as of 12/31/1998 | $97,750.80 |
| Term of Your CD | 182 Days |
| Interest Rate | 4.92% |
| Annual Percentage Yield | 5.04% |
| Interest Earned at Maturity | $2,427.58 |
| Compounding/Crediting Frequency | Daily/At Maturity |
| Value at Maturity | $100,178.38 |
| New Maturity Date (if renewed) | 07/19/1999 |

Other information about your investment can be found on the back of this letter.

If you'd like to continue with your current investment, you don't need to do a thing. Your CD will renew automatically on each maturity date for the same term and compounding frequency, and will begin earning interest immediately at the current interest rate in effect at that time. Since interest rates fluctuate with market conditions, the interest rate and annual percentage yield effective at maturity are not determined yet; however, this information will be available on 01/18/1999. To obtain this information, you may call us at the number below.

To allow extra time to make your investment decision, there is a 10 day grace period which for this term ends 01/28/1999. Remember, if you decide to withdraw your funds during this time, interest does not accrue after maturity.

Helping you make the most of your money is very important to us. Should you decide you want to move your money to another investment, we offer a wide variety of options to choose from.

Thank you for investing with Bank of America (Alaska). As always, if we can answer any questions, please don't hesitate to call us.

*ANY-ONE   PHONE: 907-263 3283*
*FAX: 907-263 3271*

AK-ANCHORAGE MAIN OFFICE / 550 W 7TH AVE SUITE 100   ANCHORAGE, AK 99501 / (907)263-3283



August 1, 1998

JOVAN SOKIC
ROZA SOKIC
BEOGRADSKA II DEO 4
11253 SREMCICA-BELGRADE
YUGOSLAVIA

Thank you for renewing your Bank of America (Alaska) investment #███1528. We are pleased that this investment option is meeting your needs.

**Renewal Confirmation Facts:**

| | |
|---|---|
| Renewal Date: | 07/20/1998 |
| Interest Rate: | 4.92% |
| Annual Percentage Yield: | 5.04% |
| Amount Invested: | $97,750.80 |
| New Maturity Date: | 01/18/1999 |
| Interest Payment Method: | ACCUMULATE |
| Tax ID Number: | FOREIGN-EXEMPT |

Bank of America (Alaska) offers numerous other investment options. Pick any term, ranging from three months to ten years, and watch your investment dollars grow, while earning a competitive rate. Bank of America (Alaska) investment certificates are insured by the FDIC to protect your future.

If you have any questions about this investment, or if we can assist you with other bank services, please call us at (907) 263-3283.

For investment diversification Bank of America (Alaska) offers a variety of taxable and non-taxable investments through our Retail Sales Department. We also offer Safeco annuities through Safekey Annuity Specialists. Please call us for information on these options.

Thank you for your continued business.

1800 432 1000

**AK-ANCHORAGE MAIN OFFICE**
550 W 7TH AVE SUITE 100 / ANCHORAGE, AK 99501 / (907) 263-3283

FAX: 9...

CITIBANK,BRANCH 022
ATTN.MISS DOROTHY GRAY,ASS.MANAGER
399 PARK AVENUE
NEW YORK, N.Y.10022
U. S. A.

REGISTERED
EXPRESS
AIR-MAIL

BELGRADE,JULY 3,1996

SUBJECT:TRANSFER OF ALL FUNDS TO
BANK OF AMERICA ALASKA,N.A.

WE HAVE WITH CITIBANK,ACCOUNT NO.78142965 AND CD NO.
0226135952 IN GRAND TOTAL AMOUNT OF ABOUT USD.88,000.-
WITH MATURITY DATE BEING JULY 9,1996.

WE KINDLY REQUEST HEREBY TO CLOSE BOTH OUR ACCOUNTS
AND TRANSFER ALL AVAILABLE MONEY TO:(by wire)

BANK OF AMERICA ALASKA,N.A.
ATTN.MRS.GIGI NICDAO,MAIN OFFICE NO.8066
550 W.SEVENTH STREET
ANCHORAGE,AK 99510-7007
PHONE:907-263 3226
ABA NO.125200691
WITH NOTE:TRANSFER OF FUNDS FOR NEW CD OF
SOKIC JOVAN,ROZA,JELENA & TATJANA.

WE WISH TO THANK YOU FOR FINE COOPERATION WE HAD WITH
CITIBANK AND YOU PERSONALY.

VERY TRULY YOURS

SOKIC JOVAN

SOKIC ROZA

BEOGRADSKA II DEO 4
11253 SREMCICA-BEOGRAD
YUGOSLAVIA

PHONE:+381-11-863 303

encl.Special Customer Instructions.
NOTARIZED by U.S.Embassy,Belgrad
Yugoslavia



OPTIONAL FORM 175
(FORMERLY FS-88)
MARCH 1975
DEPT. OF STATE
50175-101

# Certificate of Acknowledgment of Execution of an Instrument

S.F.R. Yugoslavia
_____
(Country)

City of Belgrade
_____
(County and/or other political division)

Embassy of the United
_____
(County and/or other political division)

States of America
_____
(Name of foreign service office)

}  *SS:*

I, _____ Tina Kaidanow, Vice Consul _____

of the United States of America at ____ Belgrade, Yugoslavia _____

duly commissioned and qualified, do hereby certify that on this ____ 3rd ____

day of ____ July 1996 _____, before me personally appeared _____
                  *(DATE)*

_____ Roza SOKIC and Jovan SOKIC _____

_____

to me personally known, and known to me to be the individuals described in, whose

name<sup>s</sup> are subscribed to, and who executed the annexed instrument, and being

informed by me of the contents of said instrument ____they____ duly acknowledged to me

that ____they____ executed the same freely and voluntarily for the uses and purposes therein

mentioned.

[SEAL]

*In witness whereof I have hereunto set my hand and*

*official seal the day and year last above written.*

Tina Kaidanow, Vice
_____

Consul
_____ *of the United States of America.*

NOTE.—Wherever practicable all signatures to a document should be included in one certificate.

☆ U.S. GOVERNMENT PRINTING OFFICE: 1979—311-153/5139



# CERTIFICATE OF ACKNOWLEDGMENT OF
# EXECUTION OF AN INSTRUMENT

Republic of Serbia
_____
(Country)

City of Belgrade
_____
(County and/or Other Political Division)                    } SS:

Embassy of the
_____
(County and/or Other Political Division)

United States of America
_____
(Name of Foreign Service Office)

I, _____ Nenad Vincic, Notarizing Officer _____

of the United States of America at _____ Belgrade, Serbia _____

duly commissioned and qualified, do hereby certify that on this day of _____ 06-10-2025 _____ , before me personally appeared
                                                                      Date (mm-dd-yyyy)

Sokic Jovan and Sokic Roza
_____

_____

_____

to me personally known, and known to me to be the individual-described in, whose name _____ are _____ subscribed to,

and who executed the annexed instrument, and being informed by me of the contents of said instrument _____ they _____

duly acknowledged to me that _____ they _____ executed the same freely and voluntarily for the uses and purposes.

therein mentioned.

[SEAL]

In witness whereof I have hereunto set my hand and
official seal the day and year last above written.
Nenad Vincic
_____
Notarizing Officer    of the United States of America.

This document consists of __2__ pages, including the Acknowledgement certificate.

NOTE: Wherever practicable all signatures to a document should be included in one certificate.

OF-175 (Formerly FS-88)
01-2009

*"IFight4Justice"Law Office of Predrag Filipovic, Esq.,Tel: 267-265-0520, Fax: 215-974-7744*
*230 S Broad st. fl17 ste 36, Philadelphia, PA, 19102 PFesq@ifight4justice.com;*
*www.StopRipoff.com*

**June 6, 2025**

### ACCOUNT OWNERS' JOINT AFFIDAVIT

**I Jovan Sokic, and I Rosa Sokic, in good health and sound mind hereby issue the following Notarized statement subject to penalty of perjury:**

1. We, Jovan and Rosa Sokic, residents of Serbia, lawfully wedded spouses, issue this notarized sworn statement in support of our tumultuous efforts to retrieve our significant funds from accounts listed below,and with all the interest as well as any damages, costs and attorney fees, we may be entitled to under the law, in connection with following accounts (Certificates of Deposit, or "CD funds"):

2) **Great Lakes Bank corp**: Account number*******5114 , CD # ****83, Features: On Feb 9th 1999, base amount $101,787.87, 5.5% Interest, APR 5.55%;

3) **Bank of America,** Account number *****1528; on Dec 31 1998, base amount $97750.80; Int 4.92%, APR 5.04%,

4) **Key Bank,** account number: *******0096, balance on April 29th 1997, $102025.79

5) As of the date of this Affidavit we reside in Belgrade Serbia, and have uninterrupted access to the address on file with all three banks.

6) Despite making numerous inquiries and demands, the CD funds have not been made available to us, forcing us to retain a consumer protection law firm in the US.

7) At this point, although in sounds mind and good health, we are senior citizens, and older adults, and the effects of neglect by the financial institutions to render our CD funds has made a significant negative impact on our wellbeing and plans.

8) We are not aware of any valid reason why all of our monies above together with interest should not be made available to us ASAP.

NOTARY AT US EMBASSY IN BEGLRADE

_____

JOVAN SOKIC

_____

ROSA SOKIC

# Corporate Applications Search Result Details

## Details For OCC Control Number: **419960897**          **Return to List**

| | |
|---|---|
| **Application Type:** | Terminations |
| **Transaction Form:** | Termination - Conversion Out to National Bank |
| **Bank:** | Great Lakes Bancorp, a FSB |
| **Charter/License #:** | **711212** |
| **Bank Headquarters Location:** | 401 E Liberty St<br>Ann Arbor, MI 48104<br>County: Oakland |
| **Non-National Institution Name:** | Great Lakes Bancorp, a FSB |

**Public Comment Information:**

| Comment Period Start Date | Comment Period End Date | Adjusted Period Start Date | Adjusted Period End Date | OCC Contact |
|---|---|---|---|---|
| | | | | OTS-Midwest Contact Info |

**Filing Status:**

| Action | Date |
|---|---|
| Consummated/Effective | 1997-04-07 |

Case 2:25-cv-05397-JDW    Document 20-3 Filed 07/20/25 Page 2 of 7

# Corporate Applications Search Result Details

## Details For OCC Control Number: **1996-MW-01-0035**

Return to List

| | |
|---|---|
| **Application Type:** | Conversions |
| **Transaction Form:** | Conversion - Federal Savings Association to National Bank (Holding Company) |
| **Proposed Bank Name:** | **TCF NATIONAL BANK** |
| **Proposed Charter #:** | 23255 |
| **Proposed Bank Headquarters Location:** | 401 EAST LIBERTY ANN ARBOR , MI 48107 County: Washtenaw |
| **Proposed Bank Headquarters Mailing Address:** | P.O. BOX 8600 ANN ARBOR , MI 48107 |
| **Trust Powers Requested?:** | Yes |
| **Non-National Institution Name:** | Great Lakes Bancorp, A FSB |

**Public Comment Information:**

| Comment Period Start Date | Comment Period End Date | Adjusted Period Start Date | Adjusted Period End Date | OCC Contact |
|---|---|---|---|---|
| | | | | Midwest District Office Contact Info |

**Filing Status:**

| Action | Date |
|---|---|
| Receipt | 1996-11-20 |
| Approved | 1997-02-24 |
| Consummated/Effective | 1997-04-07 |

Case 2:25-cv-05397-JDW    Document 20-3 Filed 07/30/25    Page 45 of 67

# Corporate Applications Search Result Details

## Details For OCC Control Number: **2000-MW-04-0006**          Return to List

| | |
|---:|---|
| **Application Type:** | Corporate Title Change |
| **Transaction Form:** | Title Change - Main/Home Office |
| **Corporate Title (new):** | <mark>TCF NATIONAL BANK</mark> |
| **Corporate Title (old):** | <mark>GREAT LAKES NATIONAL BANK MICHIGAN</mark> |
| **Charter/License #:** | <mark>23255</mark> |
| **Bank Headquarters Location:** | 401 EAST LIBERTY<br>ANN ARBOR , MI 48107<br>County: Washtenaw |

**Public Comment Information:**

| Comment Period Start Date | Comment Period End Date | Adjusted Period Start Date | Adjusted Period End Date | OCC Contact |
|---|---|---|---|---|
| | | | | Midwest District Office Contact Info |

**Filing Status:**

| Action | Date |
|---|---|
| Consummated/Effective | 2000-03-06 |

Case 2:25-cv-05397-JDW    Document 20-3  Filed 07/20/25  Page 46 of 67

# Corporate Applications Search Result Details

## Details For OCC Control Number: **1999-MW-02-0040**

<span style="float:right">*Return to List*</span>

| | |
|---|---|
| **Application Type:** | Business Combinations |
| **Transaction Form:** | Business Combination - Affiliate Merger |
| **Bank:** | **TCF NATIONAL BANK MINNESOTA** |
| **Charter/License #:** | 23253 |
| **Bank Headquarters Location:** | 801 MARQUETTE AVENUE MINNEAPOLIS , MN 55402 County: Hennepin |
| **Trust Powers Requested?:** | No |

### Affected Institutions:

| Role | Charter Number | Bank Name | Street | Suite | City | State | Zip | County |
|---|---|---|---|---|---|---|---|---|
| Target | 23254 | TCF National Bank Illinois | 800 BURR RIDGE PARKWAY | | BURR RIDGE | IL | 60521 | Cook |
| Target | 23255 | GREAT LAKES NATIONAL BANK MICHIGAN | 401 EAST LIBERTY | | ANN ARBOR | MI | 48107 | Washtenaw |
| Target | 23256 | TCF National Bank Wisconsin | 500 W. BROWN DEER ROAD | | MILWAUKEE | WI | 53217 | Milwaukee |
| Resultant | 23253 | TCF NATIONAL BANK | 801 MARQUETTE AVENUE | | MINNEAPOLIS | MN | 55402 | Hennepin |

| Public Comment Information: | Comment Period Start | Comment Period End | Adjusted Period Start | Adjusted Period End | OCC Contact |
|---|---|---|---|---|---|

Case 2:25-cv-05397-JDW    Document 20-3    Filed 07/30/25    Page 47 of 67

| Date | Date | Date | Date | |
|------|------|------|------|---|
| 1999-11-03 | 1999-12-02 | | | Midwest District Office Contact Info |

**Filing Status:**

| Action | Date |
|--------|------|
| Receipt | 1999-10-29 |
| Approved | 1999-12-09 |
| Consummated/Effective | 2000-04-01 |

# Corporate Applications Search Result Details

## Details For OCC Control Number: **2021-LB-Combination-319118**

**Return to List**

|  |  |
|---|---|
| **Application Type:** | Business Combinations |
| **Transaction Form:** | Business Combination - Non-Affiliate Merger |
| **Bank:** | <mark>The Huntington National Bank</mark> |
| **Charter/License #:** | **7745** |
| **Bank Headquarters Location:** | 17 South High Street<br>Columbus, OH 43216<br>County: Franklin |
| **Trust Powers Requested?:** | No |

## Affected Institutions:

| Role | Charter Number | Bank Name | Street | Suite | City | State | Zip | County |
|---|---|---|---|---|---|---|---|---|
| Target | <mark>23253</mark> | <mark>TCF National Bank</mark> | 2508 South Louise Avenue | | Sioux Falls | SD | 57106 | Minnehaha |
| Resultant | 7745 | The Huntington National Bank | 17 South High Street | | Columbus | OH | 43216 | Franklin |

| **Public Comment Information:** | Comment Period Start Date | Comment Period End Date | Adjusted Period Start Date | Adjusted Period End Date | OCC Contact |
|---|---|---|---|---|---|
| | 2021-01-11 | 2021-02-10 | 2021-01-11 | | Large Bank Supervision Pre-10/2022 Contact Info |

| **Filing Status:** | Action | Date |
|---|---|---|

Case 2:25-cv-05397-JDW    Document 20-3   Filed 07/20/25   Page 49 of 67

| Receipt | 2021-01-11 |
| Approved | 2021-05-25 |
| Consummated/Effective | 2021-06-09 |

11:29          5G<sub>uc</sub> .ıll 96

**BANK OF AMERICA**

## Schedule An Appointment

✓ **Thanks for scheduling an appointment.**

We look forward to meeting with you.

| | |
|---|---|
| **Confirmation number:** | 241834691 |
| **We'll discuss:** | Everyday Banking<br>• Service an existing account |
| **Where:** | 1818 Market St<br>Philadelphia,<br>PA 19103<br><br>Mon - Fri 9 a.m. - 4 p.m.<br>Sat Closed<br>Sun Closed |
| **When:** | July 10, 2025<br>12:00-12:30 PM EDT<br>📅 **Change Date & time** |
| **Reminder:** | t*****6@yahoo.com<br>Text: ***-***-0520 |
| **Name:** | Predrag Filipovic |

## What you'll need to have available

Two forms of valid identification ⌄

If you are changing the status of an account, view a list of required

January 30, 1999

JOVAN SOKIC
ROZA SOKIC
BEOGRADSKA II DEO 4
11253 SREMCICA-BELGRADE
YUGOSLAVIA

*FDIC 800 568 9161*

Thank you for renewing your Bank of America (Alaska) investment #▮▮▮1528. We are pleased that this investment option is meeting your needs.

**Renewal Confirmation Facts:**

| | |
|---|---|
| Renewal Date: | 01/18/1999 |
| Interest Rate: | 4.32% |
| Annual Percentage Yield: | 4.41% |
| Amount Invested: | $100,178.38 |
| New Maturity Date: | 07/19/1999 |
| Interest Payment Method: | ACCUMULATE |
| Tax ID Number: | FOREIGN-EXEMPT |

Bank of America (Alaska) offers numerous other investment options. Pick any term, ranging from three months to ten years, and watch your investment dollars grow, while earning a competitive rate. Bank of America (Alaska) investment certificates are insured by the FDIC to protect your future.

*FDIC 800 568 9161*

If you have any questions about this investment, or if we can assist you with other bank services, please call us at (907) 263-3283.

For investment diversification Bank of America (Alaska) offers a variety of taxable and non-taxable investments through our Retail Sales Department. We also offer Safeco annuities through Safekey Annuity Specialists. Please call us for information on these options.

Thank you for your continued business.

*ANYONE    PHONE: 907-263 3283*
*FAX: 907-263 3271*

 **Bank of America**

DECEMBER 31, 1998

Re:  Fixed Rate CD
# 2▮▮▮1528

JOVAN SOKIC
ROZA SOKIC
BEOGRADSKA II DEO 4
11253 SREMCICA-BELGRADE
YUGOSLAVIA

# C D   M A T U R I T Y   N O T I C E

Your Bank of America (Alaska) Certificate of Deposit will mature on 01/18/1999.
Following is important information about your current CD:

| | |
|---|---|
| Value as of 12/31/1998 | $97,750.80 |
| Term of Your CD | 182 Days |
| Interest Rate | 4.92% |
| Annual Percentage Yield | 5.04% |
| Interest Earned at Maturity | $2,427.58 |
| Compounding/Crediting Frequency | Daily/At Maturity |
| Value at Maturity | $100,178.38 |
| New Maturity Date (if renewed) | 07/19/1999 |

Other information about your investment can be found on the back of this letter.

If you'd like to continue with your current investment, you don't need to do a thing.  Your CD
will renew automatically on each maturity date for the same term and compounding frequency,
and will begin earning interest immediately at the current interest rate in effect at that time.
Since interest rates fluctuate with market conditions, the interest rate and annual percentage
yield effective at maturity are not determined yet;  however, this information will be available
on 01/18/1999.   To obtain this information, you may call us at the number below.

To allow extra time to make your investment decision, there is a 10 day grace period which for
this term ends 01/28/1999.   Remember, if you decide to withdraw your funds during this time,
interest does not accrue after maturity.

Helping you make the most of your money is very important to us.  Should you decide you want
to move your money to another investment, we offer a wide variety of options to choose from.

Thank you for investing with Bank of America (Alaska).  As always, if we can answer any questions,
please don't hesitate to call us.

ANY-ONE  PHONE: 907-263 3283  TRACY PANTING
FAX: 907-263 3271

AK-ANCHORAGE MAIN OFFICE / 550 W 7TH AVE SUITE 100  ANCHORAGE, AK 99501 / (907)263-3283



GREAT LAKES NATIONAL BANK
P.O. BOX 8600
ANN ARBOR, MI 48107

N    104
JOVAN DUSAN SOKIC
OR ROZA STEVAN SOKIC
OR JELENA JOVAN SOKIC
BEOGRADSKA 11 DEO 4
11253 SREMCICA-BEOGRAD
YUGOSLAVIA

## CERTIFICATE MATURITY NOTICE

| ACCOUNT NUMBER | BALANCE AT MATURITY | CURRENT TERM | MATURITY DATE |
|---|---|---|---|
| ▓▓▓▓4488 | $103,240.67 | 10 MONTHS | 6-07-98 |

Dear Customer:

Your certificate will mature on  6-07-98.  You have up to 7 days after
that date to make a change in your certificate.  IF YOU WANT YOUR
CERTIFICATE TO RENEW AUTOMATICALLY WITH THE SAME TERM AS LISTED ABOVE
AND WITH THE RATE IN EFFECT ON THE MATURITY DATE, YOU DO NOT NEED TO DO
ANYTHING.

The interest rate and annual percentage yield have not yet been
determined.  They will be available on  6-07-98.  Please call
(734) 213-2265 for the interest rate and annual percentage yield for
your renewed account.  If you allow your certificate to automatically
renew, the new maturity date will be  4-07-99.  Please refer to the
enclosed terms and conditions for further information about your
certificate.

If your financial needs have changed, Great Lakes has many other
alternatives for your funds.  In addition to certificates with terms
ranging from 3 months to 10 years, you may choose from a full range of
other products including insured money market accounts.

For more information on these and other alternatives, please call or
visit any Great Lakes office.  And, as always, THANK YOU FOR BANKING AT
GREAT LAKES.

CERTIFICATE NUMBER: 837607
ACC. NO. 7862715114
MRS. SEEMA MAHOTA, MANAGER
PHONE: 734-769 8300/EXT. 5506

SVTIM1 08/19/93



401 E. Liberty/P.O. Box 8600
Ann Arbor, MI 48107-8600
313/769-8300

### GREAT LAKES
### BANCORP
A Federal Savings Bank

December 6, 1996

Jovan Dusan Sokic
11253 Sremcica-Beograd
Beogradska 11 Deo 4
Yugoslavia

Dear Mr. Sokic,

On December 6, 1996 we received your incoming wire in the amount of $95,093.69 which we put into an 8 Month Certificate of Deposit paying a base rate 5.44%, with APY 5.49%.

Enclosed, please find the following items which need to be signed by yourself, Dr. Roza Sokic and Jelena Sokic:

   *Account Agreement:  To be signed by all three of you and signatures
    must be notarized.

   *New W8 Forms, one for yourself and one for Dr. Roza Sokic, to be
    signed by each of you.  (Jelena's original one was fine.)

Please sign the above listed forms and return in envelope provided along with Jelena's original W8 form and the original copies of all identifications.

Once I receive these items back, I will then forward on to you the original Certificate Evidence for your personal records.

Should you have any questions, please do not hesitate to contact me.

Sincerely,

Danielle Lee Sjostrom
Financial Services
Ann Arbor Main Office
1 (313) 769-8300, ext. 3455



OPTIONAL FORM 175
(FORMERLY FS-88)
MARCH 1975
DEPT. OF STATE
50175-101

# Certificate of Acknowledgment of Execution of an Instrument

<u>S.F.R. Yugoslavia</u>
(Country)

<u>City of Belgrade</u>
(County and/or other political division)

Embassy of the United
(County and/or other political division)

States of America
(Name of foreign service office)

} SS:

I, <u>Gilbert J. Sperling</u>,

of the United States of America at <u>Belgrade, Yugoslavia</u>

duly commissioned and qualified, do hereby certify that on this <u>25th</u>

day of <u>November 1996</u>, before me personally appeared
(DATE)

<u>Roza SOKIC and Jovan SOKIC</u>

to me personally known, and known to me to be the individual<u>s</u> described in, whose

name <u>s are</u> subscribed to, and who executed the annexed instrument, and being

informed by me of the contents of said instrument <u>they</u> duly acknowledged to me

that <u>they</u> executed the same freely and voluntarily for the uses and purposes therein

mentioned.

[SEAL]

In witness whereof I have hereunto set my hand and

official seal the day and year last above written.

<u>Gilbert J. Sperling</u>

<u>Consul</u> of the United States of America.

NOTE.—Wherever practicable all signatures to a document should be included in one certificate.

☆ U.S. GOVERNMENT PRINTING OFFICE: 1979—311-153/5139

BANK HAPOALIM B.M.
ATTN.MRS.ESTER ASHKENAZI,PHONE:212-782 2059
1177 6th AVE, 14th FLOOR
NEW YORK, NY.10036
U. S. A.

REGISTERED

AIR-MAIL

EXPRESS

SUBJECT:TRANSFER OF ALL FUNDS TO
        GREAT LAKES BANCORP,ANN ARBOR,MI.

WE HAVE WITH BANK HAPOALIM CD ACCOUNT NO.███3408330
IN TOTAL AMOUNT OF USD.95,133.69 WITH MATURITY DATE
BEING DEC-05-96.

WE KINDLY REQUEST HEREBY TO CLOSE OUR ACCOUNT AND
TRANSFER ALL AVAILABLE MONEY,ON MATURITY DATE,I.E.
DEC-05-96, TO:

              GREAT LAKES BANCORP
              ATT.DANIELLE SJOSTROM/FIN SERV AA MAIN 104
              401 E.LIBERTY ST.
              ANN ARBOR,MI.48104
              PHONE:313-769 8300 ext.3455
              ABA NO.272471548
              WITH NOTE:TRANSFER OF FUNDS FOR NEW CD FOR
                          SOKIC JOVAN,SOKIC ROZA,SOKIC JELENA.

FOR ANY CHARGES COVERING WIRE TRANSFER,PLEASE DEBIT OUR
MONEY AVAILABLE ON OUR CD ON DEC.05,96.

WE THANK YOU FOR YOUR COOPERATION

                                    SINCERELY YOURS

                                    SOKIC JOVAN

                                    Skic Roza
                                    SOKIC ROZA

                                    BEOGRADSKA II DEO 4
                                    11253 SREMCICA-BEOGRAD
                                    YUGOSLAVIA

                                    PHONE & FAX:+381-11-863 30

co-
GREAT LAKES BANCORP
ATT.DANIELLE SJOSTROM
FAX:313-930 6721

CV-05397-JDW Document 20-6 Filed 07/20/25 Page

# JUMBO CERTIFICATE OF DEPOSIT

Certificate Number **832683**

**Account Number** ███715114

OVAN DUSAN SOKIC
OZA STEVAN SOKIC
ELENA JOVAN SOKIC

*FDIC 800568*
*9161*

| : Date: | 02/09/99 | Term: | 149 DAYS | Amount: | 101,787.87 |
| te: | 04/05/00 | Interest Rate: | 5.5000 | Annual Percentage Yield: | 5.55 |

edule:

04/05/00 **and** NO COMPOUNDING after that. There will

st payment when the certificate is paid.

ompounded.

Conditions for Certificates for more information on this account.

n the Records of Great Lakes Bancorp. **DEPOSITS INSURED BY FDIC TO $100,000.**

GREAT LAKES BANCORP, A FEDERAL SAVINGS BANK

EXHIBIT "G"

Successful transmission to 12163576675. Re: Jovan and Roza Sokic, Key Bank CD#***0096, URGENT REQUEST FOR ACCOUNTING  External   Inbox ×

**send@mail.efax.com**   Unsubscribe                                                    Wed, Aug 6, 2:51 PM
to me ▼



**Your fax was successfully sent to 12163576675.**

**Fax Details**

**Date:** 2025-08-06 18:51:42 (GMT)
**Number of Pages:** 8
**Length of Transmission:** 443 seconds

Mobile Apps

© 2025 Consensus Cloud Solutions, Inc. or its subsidiaries (collectively, "Consensus"). All rights reserved.
eFax is a registered trademark of Consensus.
700 S. Flower St., 15th Floor, Los Angeles, CA 90017


**KeyBank**

# Key Certificate of Deposit Statement

*July 29, 1997*

```
06 FORGN          0011 0000  R  IQ  T2

JOVAN SOKIC
ROZA SOKIC
BEOGRADSKA II DEO 4
11253 SREMCICA
BELGRADE YU 00000
```

*Questions about your account?*
*Call Key Express, 24 hours a day:*
*1-800-KEY2YOU (1-800-539-2968)*

Illuilluilluilluilluilluul

*Or, write us:*
*KeyBank National Association*
*P.O. Box 100420*
*Anchorage, AK 99510-0420*



| **Key Certificate of Deposit** | **Account number: 11501120096** |

Account title: **JOVAN SOKIC**
**ROZA SOKIC**

| | | | |
|---|---|---|---|
| Balance on Apr 29, 1997 | $102,025.79 | Current interest rate | 4.88% |
| Additions | | Number of days this statement period | 91 |
|    Deposits | 782.31 | Term | 180 days |
|    Interest | 2,633.90 | Maturity date | Jan 24, 1998 |
| Deductions | none | Interest paid (7-28-97) | $2,633.90 |
| **Balance on Jul 29, 1997** | **$105,442.00** | Interest paid year-to-date | $5,157.50 |

## Deposits

| Date | Description | Amount |
|---|---|---|
| 5-23 | Rev Federal Withholding On Interest Pmt | $782.31 |
| **Total** | | **$782.31** |

## 🔑 Account messages

*Your certificate of deposit 11501120096 was renewed on July 28, 1997 for $105,442.00*
*at a rate of 4.88% and will mature again on January 24, 1998. If you wish to make*
*changes to your account, you may do so without penalty within (10) ten calendar*
*days after your maturity date.*

MRS. LYNN LAMB
PHONE: 907- 257 5501
FAX: 907- 257 5590
907 5640243

 Member FDIC    11501120096 - 00242
The KeyBank logo is a registered trademark of KeyCorp.

*Page 1 of 1*          123

| HOME | **CLAIM UNCLAIMED PROPERTY** |  Alaska Department of Revenue<br>Treasury Division |

## Search for Unclaimed Property

⚠ There were no records found for that search. If you feel this may be an error or would like to speak with a staff member, please call our office at 844-AKCASH1 (844-252-2741).

### SEARCH

To begin your search, enter your last name, or the name of your business. To better refine your results, you may also enter your first name. Exact name matches will be shown first. Property for individuals with similar names to the name you entered will follow.

This is a free and secure service provided by the Alaska Unclaimed Property Program to claim your lost funds. When you are ready to submit your claim, select "Continue To File Claim" and follow the instructions provided.

*A "Name or Business Name" or "Property ID" must be entered in order to successfully view your search results.*

**\*Name or Business Name:** Sokic

**First Name:** Jovan

*Narrow your search with the following fields:*

**City:**

**Zip Code:**

**Property ID:**

**SEARCH**

If you have any questions or concerns regarding the privacy of your information or the legitimacy of this website, please call our office at 844-AKCASH1 (844-252-2741).

**RESULTS** Your search returned 0 unclaimed properties.

Exact name matches will be shown first, followed by properties with similar names to the one entered.

**CONTINUE TO FILE CLAIM (0)**

◀ **HOME** | **CLAIM UNCLAIMED PROPERTY** |  Alaska Department of Revenue Treasury Division

## Search for Unclaimed Property

⊘ There were no records found for that search. If you feel this may be an error or would like to speak with a staff member, please call our office at 844-AKCASH1 (844-252-2741).

### SEARCH

To begin your search, enter your last name, or the name of your business. To better refine your results, you may also enter your first name. Exact name matches will be shown first. Property for individuals with similar names to the name you entered will follow.

This is a free and secure service provided by the Alaska Unclaimed Property Program to claim your lost funds. When you are ready to submit your claim, select "Continue To File Claim" and follow the instructions provided.

*A "Name or Business Name" or "Property ID" must be entered in order to successfully view your search results.*

| | |
|---|---|
| ***Name or Business Name:** | Sokic |
| **First Name:** | Roza |

***Narrow your search with the following fields:***

| | |
|---|---|
| **City:** | |
| **Zip Code:** | |
| **Property ID:** | |

**SEARCH**

If you have any questions or concerns regarding the privacy of your information or the legitimacy of this website, please call our office at 844-AKCASH1 (844-252-2741).

### RESULTS Your search returned 0 unclaimed properties.
Exact name matches will be shown first, followed by properties with similar names to the one entered.

**CONTINUE TO FILE CLAIM (0)**

 **HOME**    **CLAIM UNCLAIMED PROPERTY**     **Ohio** **Department of Commerce**
Division of Unclaimed Funds

## Search for Unclaimed Funds

⚠ There were no records found for that search. If you feel this may be an error or would like to speak with a staff member, please call our office at 1-877-644-6823.

## SEARCH

This is a free and secure service provided by the Ohio Division of Unclaimed Funds to claim your lost funds.

**Search Instructions**
Enter your last name or the name of your business in the **Last or Business Name** field and click **SEARCH**.
To narrow your results, enter your first name, city, or zip code. Click **SEARCH**.

To provide you with a comprehensive list of possibilities, exact name matches will be shown first. Then, individuals with similar names to the name you entered will follow.

**Claiming Funds**
Select *CLAIM* next to the listing(s) you want to claim.
Select **CONTINUE TO FILE CLAIM** and follow the instructions provided to begin your claim.

To search for property held by other states, visit [MissingMoney.com](MissingMoney.com).

| | |
|---|---|
| *Last Name or Business Name: | Sokic |
| First Name: | Jovan |

Narrow your search with the following fields:

| | |
|---|---|
| City (Optional): | |
| Zip Code (Optional): | |
| Property ID (Optional): | |

**SEARCH**

If you have any questions or concerns regarding the privacy of your information or the legitimacy of this website, please call our office at 1-877-644-6823

**RESULTS** Your search returned 0 unclaimed properties.
Exact name matches will be shown first, followed by properties with similar names to the one entered.

**CONTINUE TO FILE CLAIM  (0)**

 **HOME**

# CLAIM UNCLAIMED PROPERTY


**Ohio** Department of Commerce
Division of Unclaimed Funds

## Search for Unclaimed Funds

> ⊘ There were no records found for that search. If you feel this may be an error or would like to speak with a staff member, please call our office at 1-877-644-6823.

## SEARCH ❓

This is a free and secure service provided by the Ohio Division of Unclaimed Funds to claim your lost funds.

**Search Instructions**
Enter your last name or the name of your business in the **Last or Business Name** field and click **SEARCH**.
To narrow your results, enter your first name, city, or zip code. Click **SEARCH**.

To provide you with a comprehensive list of possibilities, exact name matches will be shown first. Then, individuals with similar names to the name you entered will follow.

**Claiming Funds**
Select *CLAIM* next to the listing(s) you want to claim.
Select **CONTINUE TO FILE CLAIM** and follow the instructions provided to begin your claim.

To search for property held by other states, visit MissingMoney.com.

**\*Last Name or Business Name:** Sokic

**First Name:** Roza

Narrow your search with the following fields:

**City (Optional):**

**Zip Code (Optional):**

**Property ID (Optional):**

**SEARCH**

If you have any questions or concerns regarding the privacy of your information or the legitimacy of this website, please call our office at 1-877-644-6823

**RESULTS** Your search returned 0 unclaimed properties.
Exact name matches will be shown first, followed by properties with similar names to the one entered.

**CONTINUE TO FILE CLAIM  (0)**

# UNCLAIMED PROPERTY

Home  /  Unclaimed Property  /  Recovery and Reporting

## Pennsylvania Treasury Department – Bureau of Unclaimed Property   Claimant Login

### We might have some money that belongs to you!

A message from Treasurer Stacy Garrity: "Treasury receives hundreds of millions of dollars in unclaimed property every year, often because of something as simple as a misspelled name or an out-of-date address. But let's be clear: this is YOUR money we're talking about, and I want to return it to you. Here's how to claim your cash in four easy steps!"

> No properties match your search criteria. You can search more properties or claim the property in your cart.
> **Try again and check the less specific box below.**

**Step 1: Search to See if You Have Unclaimed Property**

🟢 ⚪ ⚪ ⚪

To perform a search, enter the Last Name or Company Name for the person you are searching for **or** the Property # and click the Search Properties button.

**Please note: If your last name contains punctuation, please search with and without the punctuation for full results.**

☐ Check for less specific match search

Last Name or Company Name:

Sokic

First Name:

Jovan



# UNCLAIMED PROPERTY

Home / Unclaimed Property / Recovery and Reporting

## Pennsylvania Treasury Department – Bureau of Unclaimed Property Claimant Login

### We might have some money that belongs to you!

A message from Treasurer Stacy Garrity: "Treasury receives hundreds of millions of dollars in unclaimed property every year, often because of something as simple as a misspelled name or an out-of-date address. But let's be clear: this is YOUR money we're talking about, and I want to return it to you. Here's how to claim your cash in four easy steps!"

> No properties match your search criteria. You can search more properties or claim the property in your cart.
> **Try again and check the less specific box below.**

**Step 1: Search to See if You Have Unclaimed Property**

🟢  ⚪  ⚪  ⚪

To perform a search, enter the Last Name or Company Name for the person you are searching for **or** the Property # and click the Search Properties button.

**Please note: If your last name contains punctuation, please search with and without the punctuation for full results.**

☐ Check for less specific match search

**Last Name or Company Name:**

| Sokic |
|---|

**First Name:**

| Roza |
|---|

# FEDERAL DISTRICT COURT FOR
# EASTERN DISTRICT OF PENNSYLVANIA

Jovan Sokic and Roza Sokic      :

   v.                               :

Bank of America N.A, and       :

Bank of America Corporation , and   :

KeyBank National Association aka   :       2:25-cv-05390-JDW

Key Corp., and                     :

Huntington Bancshares Inc., and    :

HUNTINGTON NATIONAL BANK INC., :

aka HUNTINGTON NATIONAL BANK   :

## CERTIFICATE OF SERVICE

I Predrag Filipovic, Esquire, Attorney for the Plaintiffs hereby certify that on December 12, 2025 the foregoing |Second Amended Complaint will be served upon counsel for all defendants (Key Bank NA, aka KeyCorp. and Bank of America N.A, ) and their parent entities or subsidiaries, via Court's ECF as well as upon Defendant Huntington who was properly served process on or around November 24th 2025 by personal service as set forth on the docket, but it yet to enter appearance.

   Respectfully submitted by:

/s/Predrag Filipovic, Esq.
Predrag Filipovic
230 S Broad st. Ste 36, Fl 17
Philadelphia, PA 19102
StopRipoff.com
pfesq@ifight4justice.com
PA 312568
NJ 029312011,

267-265-0520 cell
215-974-7744-f
Attorney for Plaintiffs